IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brigitte Nelson | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Acre Mortgage & Financial, Inc., Classic Quality Homes, The Money Source, Bordertown Appraisals and Rose Van Dover | Civil Action No.: |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

### Introduction

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for significant wrongdoing, including, but not limited to violations of the Truth in Lending Act, 15 U.S.C. §§1601, *et seq*.

### Parties

2. Plaintiff Brigitte Nelson ("Ms. Nelson", or "Plaintiff") is an individual residing at 124 Milestone Drive, East Strousburg, PA 18302 (the "Home").

3. Defendant Acre Mortgage & Financial, Inc. is a business with a location of 70 E Main St., Marlton, NJ 08053, that regularly conducts business in the Eastern District of Pennsylvania.

4. Defendant The Money Source, is a business with a location of 500 South Broad Street, Suite 100A, Meriden CT 06450, that regularly conducts business in the Eastern District of Pennsylvania.

5. Defendant Classic Quality Homes is a business with a location of 203 Eilenberger

Rd., East Stroudsburg, PA 18301, that regularly conducts business in the Eastern District of Pennsylvania.

6. Bordertown Appraisals is a business with a location of 60 Duran Road, Equinunk, PA 18417, that regularly conducts business in the Eastern District of Pennsylvania.

7. Rose Van Dover is a real estate professional with a location of 60 Duran Road, Equinunk, PA 18417, and regularly conducts business in the Eastern District of Pennsylvania.

## JURISDICTION AND VENUE

8. Jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 arises under the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. § 1640(e). This is also an action for damages brought under state law for deceptive and fraudulent sales practices. This Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

9. Venue lies in this judicial district as Defendants engage in substantial business activity in this district and a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b).

## FACTS

10. Plaintiff Ms. Nelson purchased the Home through the assistance of the Defendants. The Defendants provided a residential mortgage loan subject to Plaintiff's rights, including, but not limited to TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

11. Pursuant to 15 U.S.C. § 1638, Defendants must disclose material terms such as the finance charge, and correct payment amounts related to the residential mortgage.

12. Defendants failed to deliver all material disclosures required by TILA, including, but not limited to:

    a. Failing to clearly and accurately disclose the "annual percentage rate,";

  b. Failing to properly disclose the number, amounts and timing of payments scheduled to repay the obligation;

  c. Failing to clearly and accurately disclose the mortgage costs.

## COUNT ONE -
## VIOLATION OF TRUTH IN LENDING ACT

13. Plaintiff incorporates by reference the preceding allegations of the Complaint as if fully set forth herein at length.

14. The transaction described herein was a consumer credit transaction with the meaning of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

15. Defendant is a creditor with the meaning of TILA in that it regularly extends consumer credit that is subject to a finance charge or payable in more than four installments and is the person to whom the transaction which is the subject of this action is *initially* payable, 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17).

16. It is the purpose of the TILA to assure a meaningful disclosure of credit terms to prevent the uninformed use of credit and to protect consumers against inaccurate and unfair practices involving certain sales.  Meaningful and timely disclosure of the terms of financing provide consumers with knowledge of the "true" cost of credit prior to consummation of the transaction, 15 U.S.C. § 1638 *et seq.*

17. Pursuant to 15 U.S.C. § 1638, the creditor must disclose material terms such as the finance charge, amount financed and APR.

18. The Federal Truth In Lending Disclosures in the residential mortgage were false.

19. Defendant violated the Federal Truth-In-Lending Act.

## JURY TRIAL DEMAND

20. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

21. WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and against Defendant for actual damage, statutory damages, punitive damages, treble damages, attorneys' fees and costs and such other relief as the Court may deem necessary, just and proper.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

*/s/ Richard H. Kim (*RHK8964)
By:  Richard H. Kim, Esquire
     Kevin Kotch, Esquire
     Drucilla Tigner, Esquire
     Attorney I.D. Nos.: 202618/70116/321490
     1500 Market St.
     Centre Square – West Tower
     Suite W-3110
     Philadelphia, PA 19102
     Ph. 855-996-6342
     Fax 855-235-5855
     rkim@thekimlawfirmllc.com
     kkotch@thekimlawfirmllc.com
     dtigner@thekimlawfirmllc.com

Attorneys for Plaintiff

Dated:  November 9, 2016