### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

BRIGITTE NELSON,

        Plaintiff,

        v.

ACRE MORTGAGE & FINANCIAL, INC., et al.,

        Defendants.

CIVIL ACTION NO. 3:17-cv-01050

(SAPORITO, M.J.)

### MEMORANDUM

Now before the court is a *pro se* motion by the plaintiff to stay this action. (Doc. 103.) The plaintiff requests that the action be stayed to permit her to prepare and file a notice of appeal from two interlocutory orders entered yesterday, denying three of her motions.[1] In one order, we denied a *pro se* motion to disqualify an attorney who had entered his appearance on behalf of one of the defendants. (Doc. 101; *see also* Doc. 99.) In the other order, we denied a *pro se* motion to transfer venue over this action from this federal district court to a state trial court, and we

---

[1] We note that the *pro se* plaintiff has based her requests for relief in this and other motions on Pennsylvania state court rules. We pause to remind the plaintiff that she has brought this action asserting federal statutory claims in a federal district court, where we are governed by the federal rules and the local rules of this court, not state procedural rules.

denied a related *pro se* motion requesting cancellation of a scheduled telephone status conference. (Doc. 102; *see also* Doc. 98; Doc. 100.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay is an extraordinary measure, and the decision to stay rests within the sound discretion of the district court." *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (footnote omitted).

Here, however, we find no basis for a stay of proceedings. The sole reason given for the plaintiff's request that this action be stayed is that she intends to appeal the court's two recent orders denying three motions in which she sought disqualification of opposing counsel, transfer of venue to a state court, and cancellation of a scheduled telephone status conference. But neither of these interlocutory orders is immediately appealable as a matter of right. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981) (holding that an order denying a motion to disqualify counsel is not immediately appealable as a collateral final order); *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 772 (3d Cir. 1984) (holding that an order granting or denying a motion to transfer venue is not immediately appealable as a collateral final order); *Verzilli v. Flexon*,

*Inc.*, 295 F.3d 421, 423 (3d Cir. 2002) ("Generally, pretrial conference orders are inherently interlocutory and not appealable."). *See generally* 28 U.S.C. § 1291 (conferring appellate jurisdiction over final decisions); *id.* § 1292(a) (conferring appellate jurisdiction over interlocutory decisions involving injunctions, receivership, and admiralty cases). Moreover, we find no basis for certification of a permissive interlocutory appeal in this instance. *See generally id.* § 1292(b) (allowing appeal of an interlocutory order "not otherwise appealable" if the district court certifies "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that the immediate appeal from the order may materially advance the ultimate termination of the litigation," and the court of appeals then exercises its discretion to accept the appeal).

Accordingly, the plaintiff's motion to stay this action is denied.

An appropriate order follows.

Dated: January __26__, 2022

_JOSEPH F. SAPORITO, JR._
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge