**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIGITTE NELSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-01050 |
| v. | (SAPORITO, M.J.) |
| ACRE MORTGAGE & FINANCIAL, INC., et al., | |
| Defendants. | |

**MEMORANDUM**

This case returns to us on remand from the Third Circuit.

## I. Procedural Background

The plaintiff, Brigitte Nelson, filed a seven-count amended complaint against two defendants: Acre Mortgage & Financial, Inc. ("Acre") and Classic Quality Homes ("Classic"). Count One of the amended complaint asserted federal claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and its implementing regulation, Regulation Z, 12 C.F.R. part 1026, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its implementing regulation, Regulation X, 12 C.F.R. part 1024. These federal claims were brought against Acre only. The remaining six counts

of the amended complaint asserted related state-law claims against Acre and Classic.

After discovery but before the dispositive motion deadline, we granted a motion to withdraw filed by plaintiff's counsel. When the plaintiff was unable to secure new legal representation after several months, we granted her motion to proceed *pro se* in this matter.

Acre moved for summary judgment on all claims against it, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 70.) After briefing was completed, we granted summary judgment in favor of Acre with respect to the plaintiff's federal claims, and we declined to exercise jurisdiction over the plaintiff's supplemental state-law claims. *See Nelson v. Acre Mortg. & Fin., Inc.*, Civil Action No. 3:17-cv-01050, 2020 WL 5751218 (Sept. 25, 2020), *rev'd per curiam*, 2022 WL 109006 (3d Cir. Jan. 12, 2022).

On appeal, the Third Circuit concluded that Acre had failed to show that there was no genuine dispute of material fact with respect to the plaintiff's federal claims under TILA, RESPA, and their respective implementing regulations. *See Nelson v. Acre Mortg. & Fin. Inc.*, No. 20-3126, 2022 WL 109006 (3d Cir. Jan. 12, 2022) (per curiam). The Court

vacated the judgment and our decision declining to exercise supplemental jurisdiction over the state law claims, and it remanded the case for further proceedings. *See id.*

The matter is now before us on remand for consideration of Acre's motion for summary judgment with respect to the plaintiff's state-law claims against it.[1] In addition, the parties have requested the court's guidance with respect to the form of relief and measure of damages available to the plaintiff under the various causes of action she has asserted, which we have considered to be in the nature of a motion in limine. Following a status conference, we directed the parties to brief the issue of recoverable damages, and each of the parties has submitted a brief articulating its or her position on the issue.[2] (Doc. 111; Doc. 112; Doc. 113; Doc. 119.)

---

[1] In light of the Third Circuit's ruling that there are genuine disputes of material fact, the plaintiff's federal claims against Acre are bound for trial. Because we declined to exercise supplemental jurisdiction, the summary judgment motion has been reinstated with respect to the state law claims against Acre. We note that Classic did not join Acre's motion, nor did it file a dispositive motion of its own with respect to the state-law claims against it.

[2] The plaintiff has actually submitted two briefs—one a *pro se* brief and a second prepared by newly retained counsel.

## II.   DISCUSSION

### A. State-Law Claims

Acre has moved for summary judgment on all of the plaintiff's state-law claims asserted against it. As noted above, Count One of the seven-count amended complaint asserts federal claims against Acre, which have already been addressed by this court and by the Third Circuit on appeal. Counts Two, Three, and Four assert state-law claims against Classic only, which has not moved for summary judgment.[3] In Count Five, the plaintiff asserts an equitable claim for rescission against both defendants. In Count Six, the plaintiff asserts a common law civil conspiracy claim against both defendants. In Count Seven, the plaintiff asserts a common law aiding and abetting claim against both defendants.

#### *1. Rescission*

In Count Five, the plaintiff seeks the equitable remedy of rescission based on alleged fraud or misrepresentation by the defendants. The plaintiff seeks rescission of the home sale agreement with Classic and the

---

[3] Count Two asserts an unfair or deceptive trade practices claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. Count Three asserts a common law breach of contract claim. Count Four asserts a common law claim of fraud in the inducement.

residential mortgage with Acre.

With respect to the mortgage agreement with Acre, the only alleged acts of fraud or misrepresentation are the alleged violations of TILA, RESPA, and their implementing regulations. But rescission is not an available remedy for TILA violations involving residential mortgage transactions. *See* 15 U.S.C. § 1635(e)(1); *see also id.* § 1602(x) (defining "residential mortgage transaction"); *Kamara v. Columbia Home Loans*, 654 F. Supp. 2d 259, 264 (E.D. Pa. 2009). Nor is it an available remedy for a violation of RESPA's requirement that a servicer provide written notice to the borrower of any assignment, sale, or transfer of servicing of the mortgage loan. *See* 12 U.S.C. § 2605(f) (providing for an award of damages only); *Andrew v. Ivanhoe Fin., Inc.*, Civil Action No. 07-729, 2008 WL 2265287, at *6 (E.D. Pa. May 30, 2008) (citing § 2605(f)); *see also* 12 U.S.C. § 2615 (providing that there is no right to rescission under RESPA more generally); *Bank of Nova Scotia v. Ross*, Civil Action No. 2010-118, 2012 WL 4854776, at *6 (D.V.I. Oct. 12, 2012) (citing § 2615); *Barrett v. Am. Partners Bank*, Civil Action No. AW-08-0319, 2009 WL 2366282, at *6 (D. Md. July 28, 2009) (citing § 2615).

More generally, rescission is inappropriate as a remedy in this case

with respect to either the mortgage or the home sale agreement. The property subject to the home sale agreement is subject to a mortgage. Although the mortgage loan was originated by Acre, it is undisputed that the mortgage was subsequently sold or assigned to a non-party mortgage holder, The Money Source.[4] As holder of the mortgage to the property underlying both agreements the plaintiff seeks to rescind, The Money Source is a necessary party to any action for rescission, but it has not been joined to this action, and thus rescission is not an available remedy. *See Hoheb v. Muriel*, 753 F.2d 24, 26–27 (3d Cir. 1985); *Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp. 2d 405, 416 (E.D.N.Y. 2011).

Accordingly, we will grant summary judgment in favor of defendant Acre with respect to the plaintiff's equitable claim for rescission, set forth in Count Five of the amended complaint. We will also grant summary judgment *sua sponte* on identical grounds in favor of the non-moving

---

[4] The plaintiff disputes the timing of the sale or assignment, suggesting that it occurred before her mortgage loan closed, but adducing no evidence to support this proposition. The record does include, however, a copy of an assignment of mortgage conveying the mortgage at issue from Acre to The Money Source, executed on January 6, 2017, and recorded on January 18, 2017. (Doc. 77-1.) The document appears to have been submitted into the summary judgment record by Nelson herself. Regardless, it is clear that the mortgage is currently held by The Money Source, which is not a party to this action.

defendant, Classic, with respect to this same claim as asserted against it. *See Couden v. Duffy*, 446 F.3d 483, 500 (3d Cir. 2006); *Cooper Notification, Inc. v. Twitter, Inc.*, 867 F. Supp. 2d 485, 497 n.12 (D. Del. 2012); *see also Goodwin v. Hall*, No. 1:20-cv-606, 2022 WL 2872256, at *5 (M.D. Pa. July 21, 2022) ("Although a court must ordinarily give notice that it intends to grant summary judgment in favor of a non-moving party, the court may *sua sponte* grant summary judgment without advance notice when there is a fully developed record, the party against whom summary judgment is sought would not be prejudiced by the ruling, and the ruling is on a purely legal issue.").

### *2. Conspiracy*

In Count Six, the plaintiff asserts a common law civil conspiracy claim against both defendants. As this court has previously stated:

> Under Pennsylvania common law, a civil conspiracy requires that two or more conspirators reached an agreement to commit an unlawful act or perform a lawful act by unlawful means. Additionally, a plaintiff must show an overt act and actual legal damage. Finally, proof of malice, *i.e.*, an intent to injure, is essential in proof of a conspiracy. Malice requires that the *sole* purpose of the conspiracy was to injure the plaintiff, and that this intent was without justification. Because malice can only be found when the *sole* purpose of the conspiracy is to injure the plaintiff, a showing that a person acted for professional reasons,

- 7 -

> and not solely to injure the plaintiff, negates a finding of malice.

*Festa v. Jordan*, 803 F. Supp. 2d 319, 327 (M.D. Pa. 2011) (internal quotation marks, brackets, and ellipses omitted).

Here, despite a full opportunity to conduct fact discovery, the plaintiff has failed to adduce any evidence whatsoever of the requisite agreement between Acre and Classic to defraud Nelson.[5] Moreover, she

---

[5] The best evidence the plaintiff can point to is the fact that Classic referred her to Acre when she became dissatisfied with Navy Federal Credit Union, the prospective mortgage lender she had originally intended to use. It is undisputed that Classic worked with and referred potential customers to many different lenders, including Acre. (*See* Acre Statement of Undisputed Material Facts ("Acre SOF") ¶ 15, Doc. 72.) It is also undisputed that Classic and Acre did not have a financial relationship, and that Acre played no role at all in Nelson's initial decision to contract with Classic to buy a home. (*See id.* ¶¶ 15, 17.) The plaintiff did not expressly admit to or deny these—or any—facts in her responsive statement of material facts. (*See* Nelson Statement of Disputed Material Facts ("Nelson SOF") ¶¶ 15, 17, Doc. 77.) Based on her response, she appears to generally dispute these factual statements by Acre, but without citation to any supporting evidence whatsoever. (*See id.*) Thus, these factual statements by Acre have been deemed admitted. *See* Fed. R. Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1. It is also undisputed that Acre played no role at all in Nelson's decision to buy the home on Milestone Drive. (*See* Acre SOF ¶ 18.) Although Nelson does not expressly admit this factual statement by Acre, she does not dispute it. (*See* Nelson SOF ¶ 18.) To defeat a motion for summary judgment, the nonmoving party must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

has failed to adduce any evidence whatsoever of malice.[6]

Based on the evidence of record, viewed in the light most favorable to the non-moving plaintiff, no reasonable jury could find that Acre and Classic reached an agreement to defraud Nelson with malicious intent. Accordingly, we will grant summary judgment in favor of defendant Acre with respect to the plaintiff's civil conspiracy claim, set forth in Count Six of the amended complaint. We will also grant summary judgment *sua*

---

[6] The gist of the evidence adduced by the parties is that Acre was generally helpful and acted for professional reasons throughout the transaction. (*See* Acre SOF ¶¶ 16, 19, 25, 26, 31, 33, 37, 40–46.) Nelson has failed to cite evidence to dispute some of these factual statements, which are thus deemed admitted. (*See* Nelson SOF ¶¶ 16, 25.) On several occasions, Nelson has cited her own briefs in support, but "assertions in briefs are not competent evidence unless agreed to by the adverse parties." *Dabone v. Thornburgh*, 734 F. Supp. 195, 199 (E.D. Pa. 1990); *see also Braden v. Univ. of Pittsburgh*, 477 F.2d 1, 6 (3d Cir. 1973) ("We have repeatedly stated that statements in briefs unless specifically admitted by the adversary side cannot be treated as record evidence."); *Conde-Sheney v. Rodick*, Civil No. 3:18-CV-02338, 2020 WL 5095888, at *9 (M.D. Pa. Aug. 28, 2020) ("[S]tatements in a brief are not evidence."); *Prince v. Sun Shipbuilding & Dry Dock Corp.*, 86 F.R.D. 106, 107 (E.D. Pa. 1980) ("[T]he unverified representations of counsel in a brief are not a proper part of the record for consideration on a motion for summary judgment."). (*See* Nelson SOF ¶¶ 19, 26, 37, 43–44.) In several of her responses, Nelson has actually cited to documentary evidence, but this evidence does not support her position. *See Blackwell-Murray v. PNC Bank*, 963 F. Supp. 2d 448, 464 (E.D. Pa. 2013) (rejecting evidentiary citations that did not support the factual assertions they accompanied). (*See* Nelson SOF ¶¶ 19, 31, 33, 37, 40–46.)

*sponte* on identical grounds in favor of the non-moving defendant, Classic, with respect to this same claim as asserted against it. *See Couden*, 446 F.3d at 500; *Goodwin*, 2022 WL 2872256, at *5; *Cooper Notification*, 867 F. Supp. 2d at 497 n.12.

### *3. Aiding and Abetting*

In Count Seven, the plaintiff asserts a common law aiding and abetting claim against both defendants. Based on the counseled amended complaint,[7] this claim against Acre is based on unspecified fraudulent misstatements by Acre, allegedly made in concert with Classic and pursuant to a common design to get Nelson to commit to the purchase of a home from Classic and to a mortgage agreement with Acre.[8]

The common law tort of aiding and abetting involves three

---

[7] The plaintiff's *pro se* brief in opposition to summary judgment does not appear to address her aiding and abetting claim in any meaningful fashion. To be frank, the amended complaint does not articulate the claim with much more clarity.

[8] As we have noted, Classic has not moved for summary judgment. But it bears mentioning that the basis of the plaintiff's aiding and abetting claim against Classic is even less clear, as the only tort claims asserted directly against Acre are those brought under TILA, RESPA, and their implementing regulations. As we commented in our prior opinion on summary judgment, such relief against a non-lender or non-servicer under TILA or RESPA is unavailable as a matter of law. *See Nelson*, 2020 WL 5751218, at *8 n.14 (citing *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa. 1973)).

elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation." *Bair v. Purcell*, 500 F. Supp. 2d 468, 496 (M.D. Pa. 2007) (quoting *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999) (brackets omitted). "[A]iding and abetting liability, with its focus on the defendant's substantial and knowing assistance to the commission of a tort, rests by definition upon acts that encourage a tort rather than acts constituting the tort." *Am. Tel. & Tel. Co. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1430 (3d Cir. 1994).

Here, with respect to the plaintiff's aiding and abetting claim against Acre, the underlying tortious act appears to involve alleged misrepresentations by Classic concerning the true condition of the Milestone Drive home it sold to Nelson, and concerning its intent to renovate the home prior to delivering it to Nelson.[9] Despite a full

---

[9] The home was apparently bought by Classic out of foreclosure, and, in addition to failing to complete the promised renovations, Classic
*(continued on next page)*

opportunity to conduct fact discovery, the plaintiff has failed to adduce any evidence whatsoever that Acre had any knowledge, or even general awareness, of these alleged fraudulent misrepresentations by Classic, the allegedly concealed defective condition of the home, or the allegedly empty promises Classic made with respect to renovations. Nor has the plaintiff adduced any evidence that Acre knowingly provided encouragement or other substantial assistance to Classic in the alleged commission of the underlying tort.[10]

Based on the evidence of record, viewed in the light most favorable to the non-moving plaintiff, no reasonable jury could find that Acre aided and abetted Classic in defrauding Nelson. Accordingly, we will grant summary judgment in favor of defendant Acre with respect to the plaintiff's aiding and abetting claim, set forth in Count Seven of the amended complaint.

### B. Recoverable Damages

The parties have requested the court's guidance with respect to the form of relief and measure of damages available to the plaintiff under the

---

allegedly concealed various defects from Nelson when it sold the property to her.

[10] *See supra* note 5.

various causes of action she has asserted, which we have considered to be in the nature of a motion in limine. The parties have adduced no evidence whatsoever in support of their respective positions, but merely provide legal argument.[11]

The following causes of action remain active in this case:

(A) A claim under TILA and Regulation Z against Acre only based on the use of old disclosure forms rather than new, integrated forms (Count One);

(B) A claim under TILA and Regulation Z against Acre only based on the mortgage lender's failure to correctly disclose the estimated monthly payments for which she would be responsible (Count One);

(C) A claim under TILA and Regulation Z against Acre only based on the mortgage lender's failure to make a reasonable and good faith determination of her ability to repay the mortgage loan (Count One);

(D) A claim under RESPA and Regulation X against Acre only based on the mortgage lender's failure to provide proper notice of the transfer of its servicing rights to The Money Store (Count One);

---

[11] We note that this exercise was originally proposed while the plaintiff was still representing herself *pro se* in this action. She has since retained counsel to represent her.

(E) A claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, against Classic only based on various unfair or deceptive acts or practices (Count Two);

(F) A claim for breach of contract against Classic only based on the builder's failure to deliver the Milestone Drive property in the condition agreed upon by Nelson and Classic, and its failure to provide a one-year builder's warranty as agreed upon by Nelson and Classic (Count Three);

(G) A claim for fraud in the inducement against Classic only based on factual misrepresentations with respect to her exemption for real estate taxes as a disabled veteran (Count Four); and

(H) A claim for aiding and abetting against Classic only based on unspecified fraudulent misrepresentations by Acre (Count Seven).

If the plaintiff were to prevail on her TILA claims against Acre—Claims A, B, and C—she is permitted to recover actual damages incurred as a result of Acre's defective disclosures, plus twice the amount of any finance charges associated with the mortgage, plus any other fees or charges associated with the mortgage, plus costs of suit and reasonable

attorney fees. *See* 15 U.S.C. § 1640(a).

If the plaintiff were to prevail on her RESPA claim against Acre—Claim D—she is permitted to recover actual damages incurred as a result of Acre's failure to provide the requisite notice, plus costs of suit and reasonable attorney fees. *See* 12 U.S.C. § 2605(f).[12]

If the plaintiff were to prevail on her UTPCPL claim against Classic—Claim E—she is permitted to recover actual economic damages incurred as a result of Classic's wrongful conduct, or $100, whichever is greater. *See* 73 P.S. § 201-9.2(a). At its discretion, the court may treble any damages awarded by the jury under this statute, and it may award costs of suit and reasonable attorney fees. *See id.*

If the plaintiff were to prevail on her breach of contract claim against Classic—Claim F—she is permitted to recover damages equal to either: (a) the cost to restore the home to the contracted-for condition; or (b) the difference between the market value of the property as delivered and the market value of the property in the contracted-for condition. *See*

---

[12] We note that RESPA provides for statutory damages of up to $2,000 as well, but there is no evidence in the record of a "pattern or practice of noncompliance"—a prerequisite to recovery of statutory damages under RESPA. *See* 12 U.S.C. §2605(f)(1)(B).

*Freeman v. Maple Point, Inc.*, 574 A.2d 684, 686–88 (Pa. Super. Ct. 1990); *Gadbois v. Leb-Co. Builders, Inc.*, 458 A.2d 555, 559 (Pa. Super. Ct. 1983).

If the plaintiff were to prevail on her fraud in the inducement claim against Classic—Claim G—she is entitled to affirm the contract and recover the same expectation damages as under her breach of contract claim, Claim F.[13] *See Mirizio v. Joseph*, 4 A.3d 1073, 1088 (Pa. Super. Ct. 2010).

If the plaintiff were to prevail on her aiding and abetting claim against Classic—Claim H—she would be permitted the same relief as is available for the principal violation. Because it is unclear what tortious conduct by Acre forms the basis of this aiding and abetting claim, we are unable to determine the appropriate form of relief or measure of damages with respect to this claim.

We note that the plaintiff has contended in her counseled brief that

---

[13] "When a contract is induced by fraud, . . . the injured party has a choice of alternate remedies: he may either rescind the contract or affirm it and maintain an action in deceit for damages." *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Investments*, 951 F.2d 1399, 1408 (3d Cir. 1991). As we have noted above, however, rescission is not an available remedy in this action, due to an absent mortgage holder. Thus, although this fraudulent inducement claim is ultimately grounded in tort, the only relief available for this claim is for the plaintiff to affirm the contract and seek expectation damages.

punitive damages are available as well, but counsel has failed to identify any authority to support this proposition, and it does not appear to us that any of the remaining causes of action are amenable to such relief.

### III.   CONCLUSION

For the foregoing reasons, defendant Acre's motion for summary judgment (Doc. 70) will be granted in part and denied in part. The motion is granted with respect to the plaintiff's state-law claims against Acre, but, pursuant to the mandate of the Third Circuit, it is denied with respect to the plaintiff's federal claims under TILA and Regulation Z and under RESPA and Regulation X.

Summary judgment will be granted against the plaintiff with respect to her rescission and conspiracy claims against both defendants, as set forth in Counts Five and Six of the amended complaint, and with respect to her aiding and abetting claim against Acre only, as set forth in Count Seven of the amended complaint. The remaining claims—federal claims against Acre only under TILA and Regulation Z and under RESPA and Regulation X (Count One), a state-law UTPCPL claim against Classic only (Count Two), a state-law breach of contract claim against Classic only (Count Three), a state-law fraud in the inducement claim

against Classic only (Count Four), and a state-law aiding and abetting claim against Classic only (Count Seven)—will be set down for trial.

An appropriate order follows.

Dated: September 28, 2022               ***s/Joseph F. Saporito, Jr.***
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge