**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIGITTE NELSON,<br><br>Plaintiff,<br><br>v.<br><br>ACRE MORTGAGE & FINANCIAL, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:17-cv-01050<br><br>(SAPORITO, M.J.) |

**MEMORANDUM**

On September 28, 2022, we granted summary judgment against the plaintiff with respect to all of her state-law claims against one of the two defendants in this case, Acre Mortgage & Financial, Inc. ("Acre"), and with respect to her state-law rescission and civil conspiracy claims against the other defendant, Classic Quality Homes ("Classic"). (Doc. 125; *see also* Doc. 124.) The plaintiff's federal statutory claims against Acre and her other state-law claims against Classic survived and have been set down for trial.

On October 7, 2022, the plaintiff timely moved for certification of an interlocutory appeal from this non-final order under 28 U.S.C. § 1292(b). (Doc. 131.) That motion is now fully briefed and ripe for

decision. (Doc. 139; Doc. 141; Doc. 146.)

Under § 1292(b), a district court may certify an order for interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The burden is on the moving party to demonstrate that each requirement is satisfied." *Isbell v. Bellino*, 962 F. Supp. 2d 738, 759 (M.D. Pa. 2013). "Even if the statutory conditions are met, the Court may exercise its discretion to decline to certify the order." *Id. See generally Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.")

First, we have entered a case-dispositive order granting summary judgment to the defendants on several of the plaintiff's causes of action. With respect to the plaintiff's state-law rescission claim, our decision involved the legal issue of whether such relief was available where the plaintiff's mortgage-holder—a necessary party to such relief—had not

been joined to the action. Thus, the challenged order appears to involve a controlling question of law with respect to the plaintiff's rescission claim. *See Nelson v. Acre Mortg. & Fin., Inc.*, Civil Action No. 3:17-cv-01050, 2022 WL 4536407, at *2–*3 (M.D. Pa. Sept. 28, 2022). *See generally Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc). But we granted summary judgment with respect to the plaintiff's state-law civil conspiracy and aiding-and-abetting claims because she failed to adduce any evidence *whatsoever* to support critical elements of these claims; the plaintiff articulated no legal challenges at all with respect to these claims. *See Nelson*, 2022 WL 4536407, at *3–*5. Thus, these claims were decided on questions of mixed law and fact, which are not appropriate for § 1292(b) certification. *See In re Maxus Energy Corp.*, 611 B.R. 532, 540 (D. Del. 2019) ("An order involves a 'controlling question of law' when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact."); *HIH Marine Ins. Servs., Inc. v. Virgin Atl. Airways, Ltd.*, 105 F. Supp. 2d 1083, 1091 (N.D. Cal. 2000) ("A mixed question of law and fact occurs when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule.") (citing *Pullman-*

*Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982)).

Second, we do not find a substantial ground for difference of opinion with respect to the questions at issue. In our decision granting summary judgment on the plaintiff's state-law recission, civil conspiracy, and aiding-and-abetting claims, we articulated our reasoning with respect to each claim, supported by citations to the applicable substantive law. *See Nelson*, 2022 WL 4536407, at *2–*5. In her motion papers, the plaintiff has utterly failed to demonstrate any substantial ground for difference of opinion on this issue: Her papers recite the definition of substantial ground for difference of opinion, but they articulate no actual legal argument and cite no legal authorities to support her conclusory statement that substantial ground for difference of opinion exists. *See Isbell*, 962 F. Supp. 2d at 759 (moving party bears burden of demonstrating § 1292(b) requirements are satisfied).

Third, with respect to whether an immediate appeal would materially advance the ultimate termination of this litigation, "the critical issue in each case is whether certification would promote the policies underlying interlocutory appeals, including the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory

order and the avoidance of possibly wasted trial time and litigation expense." *McNulty v. Borden, Inc.*, 474 F. Supp. 1111, 1121 (E.D. Pa. 1979). Here, the plaintiff has failed to identify any harm she would suffer in the interim if this matter were to proceed to trial on her surviving federal and state claims alone. Nor has she articulated any basis for the court to conclude that proceeding to trial on her surviving federal and state claims would result in wasted trial time and litigation expense. As we have previously noted, as the moving party, the plaintiff bears the burden of demonstrating that this factor has been satisfied. *See Isbell*, 962 F. Supp. 2d at 759. Here, the plaintiff has simply failed to "come forward with something more than mere conjecture in support of [her] claim that certification may save the court and the parties substantial time and expense." *See In re Magic Marker Sec. Litig.*, 472 F. Supp. 436, 439 (E.D. Pa. 1979).

The moving plaintiff here has failed to satisfy her burden of demonstrating that all three of the requirements for certification of an interlocutory appeal under § 1292(b) have been met. But even if all three of these statutory requirements were present, we would exercise our discretion and decline to certify an interlocutory appeal because the

challenged order simply does not present the sort of exceptional case for which discretionary interlocutory appeal under § 1292(b) is intended. *See Caterpillar Inc.*, 519 U.S. at 74; *Isbell*, 962 F. Supp. 2d at 759.

Accordingly, the plaintiff's motion for certification of an interlocutory appeal under § 1292(b) will be denied.

An appropriate order follows.

Dated: November 15, 2022

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge