UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIGITTE NELSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-01050 |
| v. | (SAPORITO, C.M.J.) |
| ACRE MORTGAGE & FINANCIAL, INC., et al., | |
| Defendants. | |

## MEMORANDUM

This matter comes before the court on a *pro se* appeal by the plaintiff from the clerk's taxation of costs in favor of prevailing defendant Acre Mortgage & Financial, Inc. ("Acre"). Doc. 235.

On April 7, 2023, following a civil jury trial, final judgment was entered in favor of Acre and against the plaintiff. Doc. 217. Twenty-five days later, on May 2, 2023, Acre filed its bill of costs. Doc. 221.

The plaintiff timely filed a notice of appeal from the judgment. Doc. 222. On June 16, 2023, the clerk docketed a letter to the parties advising that any action by the clerk on taxation of costs would be stayed until resolution of the appeal. Doc. 231.

On October 16, 2023, the Third Circuit affirmed the judgment

entered in this case. Doc. 232; *see also Nelson v. Acre Mortg. & Fin. Inc.*, No. 23-1860, 2023 WL 6804577 (3d Cir. Oct. 16, 2023) (per curiam). On December 1, 2023, it issued its mandate. Doc. 233.

On December 28, 2023, the plaintiff filed a petition for a writ of certiorari in the Supreme Court of the United States. Pet. for Writ of Certiorari, *Nelson v. Acre Mortg. & Fin. Inc.*, 144 S. Ct. 822 (2024) (No. 23-710), 2023 WL 9105432. On February 20, 2024, the Supreme Court declined to take up the case, denying the plaintiff's certiorari petition. *Nelson v. Acre Mortg. & Fin. Inc.*, 144 S. Ct. 822 (2024).

For reasons unknown to us, these appellate documents were not contemporaneously docketed in this case by the clerk of the circuit court. After the final disposition of the case by the Supreme Court was brought to the attention of the clerk of this court, these documents were promptly retrieved and docketed in the district court case record on April 9, 2024.

On April 10, 2024, the clerk taxed costs in the amount of $2,861.55 in favor of Acre and against the plaintiff.[1] Doc. 234. Seven days later, on April 17, 2024, the plaintiff filed this *pro se* appeal from the clerk's

---

[1] In doing so, the clerk denied several cost items requested by the defendant as non-taxable or inadequately supported. Acre's bill of costs had originally requested that costs in the amount of $6,309.15 be taxed.

taxation of costs. Doc. 235.

We consider the plaintiff's objections *seriatim*. In doing so, we note that Rule 54(d)(1) of the Federal Rules of Civil Procedure "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). Thus, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462–63.

The plaintiff first objects to taxation of costs on the ground that the defendant's bill of costs was untimely filed. Under the local civil rules, a bill of costs must be filed within 30 days after entry of final judgment. *See* M.D. Pa. L.R. 54.3. Acre's bill of costs was filed only 25 days after judgment was entered in this case. In her appeal, the plaintiff points to Rule 39 of the Federal Rules of Appellate Procedure, which provides that a bill of costs must be filed within 14 days after entry of judgment. *See* Fed. R. App. P. 39(d)(1). But that rule pertains to taxation of costs incurred *on appeal*. The bill of costs here pertains to trial proceedings only, and it was timely filed within the applicable 30-day period.

The plaintiff next objects to the taxation of costs on the ground that the clerk's taxation of costs was itself unreasonably delayed, as it

occurred nearly ten months after the clerk's letter staying action on taxation of costs, and nearly six months after the judgment was affirmed on appeal. We note, however, that the appellate court's mandate was not issued until six weeks later, on December 1, 2023, and that appellate proceedings were not finally concluded until the Supreme Court denied certiorari review more than two months later, on February 20, 2024. The conclusion of appellate proceedings was not brought to the attention of this court until shortly before the clerk of this court docketed the appellate judgment and mandate on April 9, 2024, one day before the taxation of costs was entered. Moreover, contrary to the plaintiff's unsupported argument, there simply is no time limit on the clerk's authority to issue a taxation of costs. *See Kovalev v. Weiss*, No. 16-6380, 2021 WL 1897761, at *3 (E.D. Pa. May 5, 2021), *aff'd per curiam sub nom. Kovalev v. City of Philadelphia*, No. 21-1904, 2021 WL 4490244 (3d Cir. Oct. 1, 2021); *Lanning v. Se. Pa. Transp. Auth.*, No. 97-0593, 2006 WL 3196458, at *1–2 (E.D. Pa. Oct. 31, 2006).

The remainder of the plaintiff's objections to the taxation of costs consists of an attempt to reargue the merits of her claims against Acre, which were conclusively resolved by the jury's verdict and the entry of

final judgment in this court, subsequently affirmed on appeal, and none of which is *at all* material to the issue of taxation of costs.

The plaintiff has failed to satisfy her burden of showing that the clerk's taxation of costs is improper or inequitable under the circumstances. Accordingly, the plaintiff's objections to the clerk's taxation of costs (Doc. 235) will be overruled in their entirety, and the clerk's taxation of costs (Doc. 234) will be affirmed.

An appropriate order follows.


Dated: April 19, 2024            *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 Chief United States Magistrate Judge